## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| **(Rural Development** ) | |
| **f/k/a Farmers Home Administration),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 2012-0111** |
| ) | |
| **FORREST W. THOMAS, IV, Heir at Law of** ) | |
| **SHIRLEY Y. THOMAS a/k/a** ) | |
| **SHIRLEY YVONNE JACKSON THOMAS,** ) | |
| **Deceased; and COMMOLOCO, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————————————) | |

**Attorneys:**
**Jason T. Cohen, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Forrest W. Thomas, IV,**
St. Croix, U.S.V.I.
    *For Defendant Forrest W. Thomas, IV*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default and Summary Judgment" (the "Motion") filed by Plaintiff United States of America (Rural Development f/k/a Farmers Home Administration) ("Plaintiff" or the "Government"). (Dkt. No. 53). By way of the Motion, Plaintiff seeks summary judgment against Defendant Forrest W. Thomas, IV, Heir at Law of Shirley Y. Thomas a/k/a Shirley Yvonne Jackson Thomas, deceased ("Thomas IV") and default judgment against Defendant Commoloco, Inc. ("Commoloco"). For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I.   BACKGROUND

On December 14, 2012, Plaintiff filed a Complaint for debt and foreclosure against Thomas IV, Commoloco, and "the unknown heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants by, through, under, or against Shirley Y. Thomas a/k/a Shirley Yvonne Jackson Thomas, deceased, and all parties having a claim right title, or interest in the property herein." (Compl., Dkt. No. 1).[1] Plaintiff alleged that Shirley Y. Thomas, a/k/a Shirley Yvonne Jackson Thomas ("Shirley Thomas"), now deceased, entered into a Promissory Note, a Mortgage, and four Reamortization and/or Deferral Agreements ("Reamortization Agreements") with the United States regarding certain property ("the Property") described as:

> Plot No. 18 of Parcel No. 42, Estate Eliza's Retreat, St. Croix, U.S. Virgin
> Islands, consisting of 5,318.10 square feet, more or less, all as more fully shown
> on Public Works Department Drawing No. 1727-15, dated November 19, 1969.

*Id.* ¶¶ 6-13. The Complaint alleged that, on March 9, 1978, Shirley Thomas obtained a loan from the United States, evidenced by a Promissory Note in the principal amount of $27,700.00, with interest accruing at the rate of 8.00% per annum. *Id.* ¶ 6. To secure payment on the Note, Shirley Thomas executed and delivered to the Government a real estate mortgage (the "Mortgage") on the same date. *Id.* ¶ 7. The Complaint described the four Reamortization Agreements: (1) the first agreement, dated February 9, 1984, provided that monthly payments of $198.00 were due and payable through March 9, 2011; (2) the second agreement, in March 1990, provided that monthly payments of $202.00 were due and payable through March 9, 2011; (3) the third agreement, dated April 20, 1994, provided that monthly payments of $280.00 were due and payable through March 9, 2011; and (4) the fourth agreement, dated May 9, 1996, provided that monthly payments of $326.00 were due and payable through March 9, 2011. *Id.* ¶¶ 10-13.

---

[1] On September 22, 2014, the Magistrate Judge of this Court granted Plaintiff's Motion to Dismiss the unknown heirs and amend the caption. (Dkt. No. 56).

The Complaint further alleged that Shirley Thomas died intestate on March 13, 2003, and that, on information and belief, Thomas IV had an interest in the Property by operation of law as the only surviving heir of Shirley Thomas. *Id.* ¶¶ 15, 16. Thomas IV defaulted under the terms and conditions of the Note, Mortgage, and Reamortization Agreements by failing to pay the monthly installment due on March 10, 2006 and all subsequent installments. As a result, Plaintiff declared the entire amount of the indebtedness evidenced by the loan documents to be immediately due and payable, and demanded payment; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 18-20. The Complaint provided that the following sums were due as of November 1, 2011 under the Note: $17,528.09 in principal, $8,401.96 in interest, and $5,475.09 in fees required with payoff, and $22,211,28 in fees assessed as of November 1, 2011, for a total of $53,616.42. That sum accrues interest at $3.8417 per diem. In addition, interest on the unpaid assessed fees accrues interest at the rate of $8.7100 per diem until the date of judgment. *Id.* ¶ 23.

Commoloco was named as a Defendant because it holds a lien junior to that of the United States—a judgment against Shirley Thomas from the Territorial Court of the Virgin Islands in the amount of $5,745.60, and a subsequent writ of execution in the amount of $7,095.79. *Id.* ¶ 14. Commoloco was served on March 19, 2013. (Dkt. No. 14). It did not answer the Complaint and, on April 1, 2014, the Clerk of Court entered a default against it. (Dkt. No. 46).

Thomas IV was served on July 10, 2013. (Dkt. No. 24).  He responded to the Complaint by letter dated August 5, 2013, requesting an extension of ninety days to resolve the matter. (Dkt. No. 23). The Court granted two extensions of time (Dkt. Nos. 26, 36) and, on January 24, 2014, Thomas IV filed his Answer. (Dkt. No. 41).

After discovery and mediation, Plaintiff filed the instant Motion for Default Judgment against Commoloco and Summary Judgment against Thomas IV. (Dkt. No. 53). Plaintiff contends that summary judgment against Thomas IV is appropriate because it is undisputed that Shirley Thomas: executed and delivered to Plaintiff the Note and corresponding Mortgage over the Property at issue; entered four Reamortization Agreements; transferred her interest in the Property to Thomas IV via Warranty Deed, on August 23, 2000; and died in March 2003, leaving Thomas IV as her sole heir. (Dkt. No. 54 at 3-4; Dkt. No. 55, ¶¶ 2-11). Plaintiff further contends that since November 4, 2005, payments of principal and interest required by the Note, Mortgage, and Reamortization Agreements have not been paid and the account is in default; Plaintiff gave notice of the default in March 2006 by correspondence addressed to Thomas IV and the Estate of Shirley Thomas; the default has not been cured; and the account remains in default. *Id.* pp. 4-5.

The Government provided an affidavit of Kimme R. Bryce, Area Specialist, United States Department of Agriculture, which itemized how the interest and costs on the account were calculated. (Dkt. No. 55-4). In her Affidavit, Ms. Bryce asserted that, as of August 1, 2014, Shirley Thomas was indebted to Plaintiff in the principal amount of $17,528.09, plus accrued interest in the amount of $12,255.26, plus fees in the amount of $32,042.41, plus accrued interest on the fees of $11,483.95, for a total indebtedness of $73,309.71, plus interest on the principal and assessed fees of $10.8647 per diem from August 1, 2014 until the date of Judgment. *Id.* ¶ 17. Plaintiff provided a Certificate of Indebtedness executed on July 23, 2014 and a Payoff Information Sheet. (Dkt. No. 55-5). The Payoff Information Sheet indicated that, as of August 1, 2014, the $32,042.41 in assessed fees are comprised of taxes for 1998-2012 and insurance for 2006-2013, as well as $550.00 in attorney's fees. *Id.*

4

Thomas IV did not oppose the Motion for Summary Judgment.

Plaintiff claims that default judgment against Commoloco is appropriate because, under 28 V.I.C. § 532, it holds a lien junior to the lien of the United States. Commoloco's lien is evidenced by a writ of execution in favor of Commoloco against Shirley Thomas, dated June 10, 1999 in the amount of $7,095.79, which was recorded in August 1999. Plaintiff also asserts that Commoloco was served; it failed to file an answer; as a small company, it is not an infant or incompetent, and is not in the military service; and the Clerk of Court entered default against it on April 1, 2014. *Id.* at 5-6.

## II.      APPLICABLE LEGAL PRINCIPLES

### A.  Summary Judgment Standard

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party "'must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements.'" *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).

To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically

stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted). "'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

To succeed on a debt and foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### B.  Default Judgment Standard

In a motion for entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *Star Pacific*

*Corp. v. Star Atlantic Corp.,* 574 F. App'x 225, 231 (3d Cir. 2014) (citing *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).  In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.*, 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act."

*Idewu v. Sealey*, 2012 WL 944781, at *2 (D.V.I. Mar. 19, 2012) (quoting *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare, Vacation & Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012)); *see also* Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III.     ANALYSIS

### A.  Summary Judgment Against Forrest W. Thomas IV

The Government has submitted the Note dated March 9, 1978 executed by Shirley Thomas, in which she promised to pay the Government the principal sum of $27,700.00 together with interest at a rate of 8.00% per year. (Dkt. No. 1-1). The Government also submitted the Mortgage, executed by Shirley Thomas on the same date, to secure payment on the Note (Dkt. No. 1-2), and the four Reamortization Agreements, dated February 9, 1984, March 1990, April 20, 1994, and May 9, 1996, executed by Shirley Thomas. (Dkt. No. 1-3, 1-4, 1-5, 1-6). In addition, the Government has provided a copy of the August 25, 2000 Warranty Deed in which Shirley Thomas conveyed her interest in the Property to Thomas IV in August 2000 (Dkt. No. 55-2); and Shirley Thomas' March 2003 Certificate of Death (Dkt. No. 1-7). Further, it has provided an excerpt of a deposition of Thomas IV in which he stated that he was Shirley Thomas' only child. (Dkt. No. 55-3).

Based on the foregoing, the Government has shown that Shirley Thomas executed the Note, Mortgage, and Reamortization Agreements. Accordingly, there is no genuine dispute of material fact as to whether Shirley Thomas executed these documents, and Plaintiff has satisfied the first requirement to succeed on a foreclosure claim in the Virgin Islands.

Plaintiff has also provided evidence that Thomas IV is in default on the Note and Mortgage by failing to make payments due under those documents (and subsequent Reamortization Agreements), and that it may foreclose on the Property. *See United States v. Connor*, 2013 WL 450281, at *3 (D.V.I. Feb. 6, 2013) ("Where real property secures a loan, the heirs take the property subject to the mortgage thereon."). The Government sent notices dated March 10, 2006 addressed to Thomas IV and the Estate of Shirley Thomas, advising that failure

to cure the default would result in acceleration of the debt and foreclosure of the mortgage. (Dkt. No. 55-6). Further, the Note indicates that "[f]ailure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default" and that upon any such default, "the Government at its option may declare all or any part of any such indebtedness immediately due and payable." (Dkt. No. 1-1 at 3). The Mortgage provides that "should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die. . . ., the Government, at its option . . . may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable. . . and (c) enforce any and all other rights and remedies provided herein[.]" (Dkt. No. 1-2 ¶ 17). Plaintiff has thus satisfied the second and third requirements for a foreclosure claim.

Plaintiff has also submitted a Declaration of Amounts Due, dated August 29, 2014, which sets forth the amounts due on the Note, and a Certificate of Indebtedness dated August 1, 2014, which includes a Payoff Information Sheet that breaks down the amounts due, and states that Thomas IV was provided with the required acceleration notice. (Dkt. Nos. 55-4, 55-5, 55-6). Accordingly, the Court finds that there is no genuine issue of material fact as to whether Thomas IV was in default under the terms and conditions of the Note and Mortgage, or whether Plaintiff possessed the authority to foreclose on the Property due to Defendant's default. In addition, there is no challenge to the amounts due, as set forth by Plaintiff.

In view of the foregoing, Plaintiff has satisfied the requirements for debt and foreclosure under Virgin Islands law. *See Thompson,* 2009 WL 4730784, at *3. The Court will grant summary judgment in favor of the Plaintiff on its claim against Forrest W. Thomas IV, Heir at Law of Shirley Y. Thomas a/k/a Shirley Yvonne Jackson Thomas, deceased.

### B.  Default Judgment Against Commoloco

Plaintiff must satisfy all of the requirements necessary to obtain a default judgment against Commoloco. Plaintiff has properly shown that: (1) default was entered against Commoloco by the Clerk of the Court (Dkt. No. 46); (2) Commoloco has not appeared; (3) as a small loan company, Commoloco is neither an infant nor incompetent, nor in the military service (Dkt. No. 45; Dkt. No. 54 at 6;); and (4) Commoloco has been validly served with all pleadings (Dkt. No. 14). In addition, Commoloco's lien is junior to the lien of the United States. (Dkt. No. 54 at 5-6).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the apparent absence of a litigable defense by Commoloco on the priority of the Government's lien renders default judgment appropriate. In addition, Commoloco's default was a result of its culpable conduct as evidenced by its refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

**IV.     CONCLUSION**

For the reasons discussed above, the Court will grant Plaintiff's Motion for Summary Judgment against Forrest W. Thomas IV, Heir at Law of Shirley Y. Thomas a/k/a Shirley Yvonne Jackson Thomas. (Dkt. No. 53). The Court will also grant Plaintiff's Motion for Default Judgment against Commoloco. *Id.*

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 19, 2015                              _____/s/_____
                                                                      WILMA A. LEWIS
                                                                      Chief Judge